NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————

|  |  |  |
|---|---|---|
| RONALD E. GEBHARDT, JR., | : | |
| | : | **Civil Action No. 23-3008-JKS-AME** |
| Plaintiff, | : | |
| | : | |
| v. | : | **REPORT and RECOMMENDATION** |
| | : | |
| AMIT RAJ BERI, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

—————————————————————

**ESPINOSA**, Magistrate Judge

This matter is before the Court upon the motion by defendant Amit Raj Beri ("Beri") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), or alternatively, for partial dismissal pursuant to Rule 12(b)(6) [D.E. 6]. Plaintiff Ronald E. Gebhardt, Jr. ("Gebhardt") opposes the motion. The Honorable Jamel K. Semper, U.S.D.J., referred the motion to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). This Court has considered the motion, without need for oral argument, *see* Fed. R. Civ. P. 78(b), and respectfully recommends that it be denied insofar as dismissal is sought under Rule 12(b)(2) for lack of personal jurisdiction but granted as to dismissal of certain claims under Rule 12(b)(6).

## I.    BACKGROUND

This action for alleged breach of contract and fraud arises out of the sale of an online wine business by Gebhardt, a resident of New Jersey, to defendant Australian Boutique LLC, a foreign business located in Australia. According to the Complaint, in 2021, Gebhardt negotiated with Australian Boutique through its then managing member Beri, a resident of Florida. They

agreed to a purchase price of $1.4 million, as set forth in the "Membership Interest Purchase Agreement" between Gebhardt and Australian Boutique ("Purchase Agreement").[1]

In connection with this sale, Australian Boutique paid Gebhardt $800,000 upon the transfer of Gebhardt's shares in the business, and Gebhardt, as lender, issued a Promissory Note to Australian Boutique, as borrower, for the amount of $600,000 (the "Note"). (Compl., Ex. A at 1.) On November 3, 2021, in the County of Palm Beach, Florida, Beri executed the Note in his capacity as managing member of Australian Boutique. *Id.* at 8. Under the Note, payment of the loaned amount, plus interest, would become due on the sooner of thirty days from the date Australian Boutique listed its shares on a public exchange or twelve months from the date of the Note. (*Id.*, ¶ 2(a)). The Note, which incorporates the terms of the Purchase Agreement by reference, states the debt "is secured by . . . the personal guaranty of Amit Raj Beri (the 'Guarantor')." (*Id.*, ¶ 3.)

On the same date he signed the Note on behalf of Australian Boutique, Beri executed a Guaranty in his personal capacity, agreeing to "absolutely and unconditionally guarant[ee] to [Gebhardt] the prompt and unconditional payment of the Debt" documented in the Note (the "Guaranty"). (Compl. Ex. B at 1.) In relevant part, the Guaranty states "Guarantor has reviewed and is fully familiar with all documents required to be executed in connection with the financing to be provided by Lender and Guarantor agrees to be bound by the terms thereof." (*Id.* at 3.) According to the Guaranty, the "loan documents" expressly include the Note. (*Id.* at 1.)

---

[1] Although the contract of sale is not attached to the Complaint, specific reference to it appears in the Promissory Note, which recites that the sale is memorialized in a September 29, 2021 "Membership Interest Purchase Agreement" entered into by Gebhardt and Australian Boutique. *See* Compl. Ex. A at 1.

Gebhardt filed this action on June 1, 2023, in the United States District Court for the District of New Jersey, alleging Australian Boutique defaulted under the Note for failure to pay the amount owed thereunder by November 13, 2022, ten days after the debt came due. Gebhardt further alleges that despite sending a demand letter dated May 12, 2023, Beri has failed to comply with his personal obligation under the Guaranty to pay the debt owed by Australian Boutique. The Complaint asserts four claims against both Australian Boutique and Beri, as follows: violation of the New Jersey Consumer Fraud Act ("NJCFA") (Count One); breach of contract – Promissory Note (Count Two); breach of contract – Personal Guaranty (Count Three); and unjust enrichment (Count Four).[2] The Court has subject matter jurisdiction based on diversity, pursuant to 28 U.S.C. § 1332(a).

Beri seeks dismissal of the action against him for lack of personal jurisdiction, asserting he has no contacts with New Jersey concerning the sale and loan transactions giving rise this suit. Alternatively, should the Court determine it has jurisdiction over him, Beri seeks dismissal under Rule 12(b)(6) of the claims for violation of the NJCFA, breach of the Note, and unjust enrichment.

## I.    DISMISSAL UNDER RULE 12(b)(2)

### A.    Legal Standard

Rule 12(b)(2) provides for dismissal of an action when a district court does not have personal jurisdiction over a defendant. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving

---

[2] Gebhardt's claims for relief all arise under state law. Because this Court sits in diversity, it applies the substantive law of the forum state. *See Erie Railroad v. Tompkins*, 304 U.S. 64, 78 (1938).

defendants." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) ("once challenged, the plaintiff bears the burden of establishing personal jurisdiction."). To discharge this burden, "the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). If no evidentiary hearing is held on the Rule 12(b)(2) motion, the plaintiff is required to establish only a "prima facie case of personal jurisdiction," and as such "is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97; *see also Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir.), *cert. denied*, 506 U.S. 817 (1992).

A federal court "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe*, 566 F.3d at 330; *see also* Fed. R. Civ. P. 4(k)(1)(A) (subjecting a defendant to federal jurisdiction if he "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."). New Jersey's long-arm statute, N.J. Ct. R. 4:4-4, authorizes the exercise of personal jurisdiction "to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). The Fourteenth Amendment's Due Process Clause authorizes a court's exercise of personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted); *see also Ford Motor Co. v. Montana Eighth Judicial Dist. Cour*t, 141 S. Ct. 1017, 1024 (2021) (describing *International Shoe* as the "canonical decision" concerning personal jurisdiction); *O'Connor*, 496 F.3d at 316 (holding same).

A minimum contacts analysis must focus on "the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). Establishing sufficient minimum contacts to support personal jurisdiction requires a demonstration that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). This requirement implements the principle that a nonresident defendant have fair notice it may be subject to suit in that foreign state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Ford Motor Co.*, 141 S. Ct. at 1025 (observing that the personal jurisdiction rules "reflect two sets of values—treating defendants fairly and protecting 'interstate federalism.'")

Supreme Court jurisprudence has recognized two types of personal jurisdiction, general ("all purpose") jurisdiction and specific ("case-linked") jurisdiction, which are distinct based on the nature and extent of the defendant's contacts with the forum. *Ford Motor Co.*, 141 S. Ct. at 1025; *Bristol-Myers Squibb*, 582 U.S. at 262; *Goodyear Dunlop Tires Operations., S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction applies when the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Goodyear*, 564 U.S. at 919 (quoting *Int'l Shoe Co.*, 326 U.S. at 317). Specific jurisdiction, in contrast, exists only where "[t]he plaintiff's claims . . . 'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Bristol-Myers Squibb*, 582 U.S. at 262).

**B. Discussion**

Beri argues all claims against him must be dismissed under Rule 12(b)(2) because he has insufficient contacts with New Jersey to support this Court's exercise of personal jurisdiction

over him. He asserts he is a Florida resident and is not "at home" in New Jersey. (Beri Decl. ¶ 3.)

He further asserts he does he own any property, maintain any office space, or hold bank accounts

in this state. (*Id.* ¶¶ 5-7.) Therefore, Beri argues, there is no basis for general jurisdiction.

Additionally, he maintains any effort by Gebhardt to establish specific jurisdiction falls far short

of the minimum contacts required between him and New Jersey in relation to the claims asserted

in this action. Beri points out that he signed the Note and Guaranty in Florida and states "he has

no recollection of ever traveling to the State of New Jersey." (*Id.* ¶ 8.)

 Gebhardt, in opposition to the motion, makes clear he does not contend this Court's

personal jurisdiction over Beri is grounded in his minimum contacts with the forum state. Rather,

Gebhardt contends there is personal jurisdiction based on Beri's contractual agreement to litigate

any dispute related to the Note and/or Guaranty in New Jersey. His argument relies on the Note's

forum selection clause, which states:

> Borrower [Australian Boutique] hereby irrevocably consents to the
> exclusive jurisdiction of any state court in the State of New Jersey venue
> in Essex County … Borrower waives any objection to venue and any
> objection based on a more convenient forum in any action instituted under
> this Agreement. Borrower shall not in any litigation between a Borrower
> and Lender object to the venue of the action or claim that the forum is
> inconvenient.

(Note, ¶ 10.)

 To demonstrate personal jurisdiction exists over Beri, Gebhardt further relies on the

Guaranty, in which, Gebhardt points out, Beri expressly acknowledged and agreed to be

personally bound the terms of the Note, including the foregoing provision concerning

jurisdiction and venue. In relevant part, the Guaranty states:

> It is expressly understood and agreed that this is a continuing and
> unlimited guaranty and that the obligations of Guarantor are and shall be

> absolute under any and all circumstances, without regard to the validity, regularity, or enforceability of the Note or the other Loan Documents. Guarantor expressly acknowledges having received a true copy of each of said loan documents and acknowledges having reviewed each of said documents.
>
> Guarantor hereby expressly restates and reaffirms each of the representations and warranties stated in the Note and the other Loan Documents; and agrees to be bound by, observe and perform, all past (to the extent unsatisfied), present and future liabilities, terms, provisions covenants and obligations under each of the Loan Documents.

(Guaranty at 1.) The Guaranty further states:

> Guarantor has reviewed and is fully familiar with all loan documents required to be executed in connection with the financing to be provided by the Lender and Guarantor agreed to be bound by the terms thereof ….
>
> This Guaranty is delivered and made in, and shall be construed pursuant to the law of, the State of New Jersey without regard to its conflicts of laws principles, and is binding on the Guarantor, his legal representatives and assigns, and shall inure to the benefit of the Lender, its successors and assigns.

(*Id.* at 3.)

In further support of his argument, Gebhardt points to the fact that Beri himself executed both documents on the same date, before a notary public. Thus, Gebhardt maintains, Beri knowingly agreed to submit to jurisdiction in the state of New Jersey in connection with any action "instituted under the Note" and, by express reference and incorporation, any action to enforce the Guaranty.

This Court has considered the foregoing arguments and reviewed both the Note and the Guaranty. It finds that Gebhardt has met his burden of establishing that Beri is subject to personal jurisdiction in New Jersey.

In federal actions in which the District Court sits in diversity pursuant to Section 1332, the effect to be give a contractual forum selection clause is governed by federal law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). It is well-established under federal law that a nonresident litigant may waive any objection he may have to personal jurisdiction by agreeing to litigate in that forum state. *Ins. Corp. of Ir. Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived"); *see also Park Inn Int'l, LLC v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 374 (D.N.J. 2000) ("Unlike some jurisdictional bars, personal jurisdiction can be waived by the parties … This rule is no more than a manifestation of the principle that personal jurisdiction is a legal right protecting the individual, not a limitation on the power of the Court") (citing *Compagnie Des Bauxites De Guinee*, 456 U.S. at 703-04). "[A] party can give 'express or implied consent to the personal jurisdiction of the court' through a 'variety of legal arrangements,' which include forum selection clauses in agreements executed by the parties." *Harbortouch Payments, LLC v. Denali State Bank*, No. 14-6049, 2015 WL 2381610, at *3 (D.N.J. May 19, 2015) (quoting *Compagnie de Bauxites des Guinee*, 456 U.S. at 703)); *Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC*, No. 2:06-03543, 2007 WL 2156367, at *3 (D.N.J. July 25, 2007) (holding waiver of personal jurisdiction defense may be effectuated by entering into a contract containing a forum selection clause). Under federal law, a forum selection clause is presumptively valid and enforceable, unless the objecting party demonstrates it is the result of fraud, it violates a strong public policy of the forum state, or

enforcement would be unreasonable under the circumstances. *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 201 (3d Cir. 1983); *Cambridge Mgmt. Group LLC v. Baker*, No. 12-3577, 2013 WL 1314734, at *8 (D.N.J. Mar. 28, 2013).

Here, in reply to Gebhardt's argument that the Note's contractual forum selection clause establishes personal jurisdiction, Beri does not dispute that the Note contains such a clause nor does he argue that the clause is invalid or that its enforcement would contravene public policy. However, he emphasizes that, contrary to Gebhardt's repeated assertions that Beri entered into the Note, that agreement is clearly between Gebhardt as "Lender" and Australian Boutique as "Borrower." Beri points out that the only agreement he signed in his personal capacity, in connection with the sale and loan transaction at issue, is the Guaranty. Although he concedes that the Guaranty "incorporates all terms of the Note" (Reply Br. at 3), Beri argues its jurisdictional provision does not apply to him, as an individual litigant, because he signed the Note on behalf of Australian Boutique.[3]

This Court rejects Beri's arguments that the Note's forum selection clause do not apply to him personally. First, courts in this District have "routinely held" that a company principal, such as a corporation's chief executive officer or limited liability company's sole member, who has derived benefit from the agreement entered into by the company is personally subject to the agreement's forum selection clause despite having signed it in a corporate capacity. *See Infinity Staffing Sols., LLC v. Greenlee*, No. 18-12626, 2019 WL 1233554, at *5 (D.N.J. Mar. 18, 2019) (citing cases). Under this line of cases, Beri's role as managing principal at the time Australian

---

[3] Although he was indisputably a principal of Australian Boutique at the time he executed the Note, Beri states he sold his interest in April 2022, and has "not been an officer of the company since that time." (Beri Decl., ¶ 9.)

Boutique acquired Gebhardt's online business for $1.4 million would render him personally bound by the Note's forum selection clause. Although Beri signed the Note on behalf of the business entity, the record before the Court on this motion indicates he was personally involved with the purchase and loan transaction and, moreover, based on the Complaint, appears to have derived benefit from the transaction. Beri's negotiation of the sale resulted in an agreement in which Australian Boutique paid only $800,000 of the purchase price and obtained financing from Gebhardt himself for the remaining $600,000. Moreover, assuming the truth of the alleged facts, Beri's own personal guaranty of this debt appears to have been instrumental in the extension of that loan under the Note. Where an individual member or officer of a company has a close relationship with the business entity, the District Court has found that "a member of an LLC, who signed [an agreement] on behalf of the entity, is subject to personal jurisdiction based on a forum selection clause" and had thus waived any argument concerning lack of specific jurisdiction based on minimum contacts. *Greenlee*, 2019 WL 1233554, at *5-6.

Second, and more compelling here, Beri in fact signed the Guaranty in his personal capacity, and that agreement is not only intertwined with the Note but expressly incorporates all terms thereunder. Courts in this district have consistently held that where a non-signatory to the contract containing the forum selection clause has executed a related contract, acknowledgement, or personal guaranty, the forum selection clause and its personal jurisdiction ramifications will apply with equal force to that non-signatory party. *See Days Inn Worldwide Inc. v. Major Resorts, LLC*, No. 23-945, 2024 WL 1366473, at *3 (D.N.J. Mar. 30, 2024) (holding "it is well-established that contractual forum selection clauses provide a valid basis for personal jurisdiction in New Jersey"); *Wyndham Hotels and Resorts, LLC v. Vidaurreta*, No. 15-1109, 2015 WL

6687558, at *3-4 (D.N.J. Oct. 30, 2015) (adopting a report and recommendation in which the magistrate judge examined a related agreement and guaranty, executed as part of the same transaction, and concluded that individual guarantor was bound by the underlying agreement's forum selection clause); *Cambridge Mgmt. Group LLC*, 2013 WL 1314734, at *8-9 (holding that a non-signatory party was bound by a contractual forum selection clause where that party was involved in the transaction at issue and facilitated that transaction by signing an acknowledgment of the underlying agreement to pay, which contained the forum selection clause). This is especially so where the agreement containing the forum selection clause is expressly referenced and/or incorporated into the separate but related agreement signed by a litigant in his personal capacity, such as in this case, a personal guaranty of the underlying agreement's obligations. *See Major Resorts*, 2024 WL 1366473, at *5; *AmericInn Int'l, LLC v. Patel*, No. 21-20068, 2022 WL 17176935, at *8 (D.N.J. Nov. 23, 2022); *Vidaurreta*, 2015 WL 6687558, at *4; *Cambridge*, 2013 WL 1314734, at *9-10.

Here, the first paragraph of the Guaranty clearly states that Beri provides the assurances set forth therein "for value received" and to induce Gebhardt to loan Australian Boutique the amount stated in the Note. It acknowledges that Beri, as Guarantor, has reviewed the Note and expressly states he "agrees to be bound by, observe and perform, all … terms, provisions covenants and obligations" thereunder. Having signed both the Note and the Guaranty, on the same date, Beri has unambiguously agreed to be bound by the Note's forum selection clause.

Next, the Court must determine whether the clause waives any objections Beri may have to personal jurisdiction in this action. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 293 (3d Cir. 1994) (holding that a forum selection clause is enforceable when the dispute falls

within the scope of the clause). The Note's forum selection clause applies to "any action instituted under this Agreement." (Note, ¶ 10.) This action falls within that scope, as Gebhardt's claims arises out of the alleged breach of the Note and related Guaranty. Additionally, the clause states the borrower "consents to the exclusive jurisdiction of any state court in the State of New Jersey venue in Essex County," evidencing Australian Boutique's and, by extension, Beri's assent to be subject to personal jurisdiction in this state. (*Id.*)

Beri maintains that, even if it applies, the forum selection clause does not support personal jurisdiction here because this Court, despite being located in Essex County, New Jersey, is not a "state court." This argument is unavailing. Although this Court certainly appreciates the distinction between federal and state court, that distinction pertains to subject matter jurisdiction, that is, the Court's authority over an action. Beri's argument does not negate his consent to personal jurisdiction in New Jersey. Due process requires that a nonresident litigant have fair notice that he may be subject to suit in a foreign state, and by its terms, the Note's forum selection clause establishes that any entity and/or individual bound thereunder could reasonably anticipate being haled into court in New Jersey. Moreover, under the Federal Rules, this Court's jurisdictional reach over litigants is co-extensive with the personal jurisdiction that may be exercised by the state court in New Jersey. *See* Fed. R. Civ. P. 4(k)(1)(A) (providing a defendant is subject to the jurisdiction of a United States district court if it "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").

This Court finds personal jurisdiction over Beri exists in this action by virtue of the Note's forum selection clause, incorporated into the Guaranty signed by Beri in his personal capacity. As such, it need not address the question of whether there are sufficient minimum

contacts with New Jersey to support specific jurisdiction. *See Externetworks Inc. v. Think Anew, Inc.*, No. 20-3334, 2021 WL 6062343, at *5 (D.N.J. Dec. 21, 2021) (citing *Greenlee*, 2019 WL 1233554, at *6).

## II.    DISMISSAL UNDER RULE 12(b)(6)

### A.  Legal Standard

On a Rule 12(b)(6) motion to dismiss, the question before the Court is whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (holding a complaint must allege facts demonstrating plaintiff is entitled to relief to withstand a Rule 12(b)(6) motion). The Court must construe the complaint in the light most favorable to the plaintiff but need not accept a "legal conclusion couched as factual allegation." *Fowler*, 578 F.3d at 210–11; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). In other words, a complaint's "threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief under the federal pleading standards. *Fowler*, 578 F.3d at 210. In examining the sufficiency of a complaint, a court may consider only the pleading and its attached exhibits, matters of public record, and undisputedly authentic documents provided the claims are based on those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also*

13

*West Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010) (noting that while matters extraneous to the pleadings may generally not be considered in examining the sufficiency of the claims under federal pleading standards, a "limited exception exists for documents that are 'integral or explicitly relied upon in the complaint.'"). The burden of demonstrating that a claim should be dismissed under Rule 12(b)(6) falls on the moving party. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

**B. Discussion**

Beri challenges the sufficiency of three of the four claims asserted in the Complaint. The Court reviews each in turn.

1. <u>NJCFA (Count One)</u>

The NJCFA provides, in relevant part, that "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment … of any material fact with intent that others rely upon such concealment ..., *in connection with the sale or advertisement of any merchandise or real estate* … is declared to be an unlawful practice." N.J.S.A. 56:8-2 (emphasis added). To state a claim under the NJCFA, a plaintiff must allege facts in support of three elements: (1) unlawful conduct under the statute, (2) ascertainable loss, and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009). Additionally, as a cause of action sounding in fraud, an NJCFA claim must meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 524

(2008). That Rule states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Here, Gebhardt bases his NJCFA claim on two instances of alleged misconduct. First, he alleges Beri affirmatively misrepresented that he would pay the amount owed by Australian Boutique under the Note, despite having no intention of honoring that promise. Gebhardt alleges Beri made this representation to induce Gebhardt to sell the online wine business to Australian Boutique for $1.4 million but "had no intention of ever paying Plaintiff the full purchase price pursuant to the terms of the Promissory Note and Guaranty." (Compl., ¶¶ 31-32.) Second, Gebhardt bases his NJFCA claim on Beri's alleged violation of a judgment entered against him on October 20, 2022, by the United States District Court for the Central District of California in a civil enforcement action brought by the Securities and Exchange Commission ("SEC") for securities fraud (the "SEC Judgment"). (Compl. ¶¶ 36-37.) The Complaint asserts that, among other things, the SEC Judgment enjoined Beri from directly or indirectly violating the Securities Exchange Act of 1934 by "using any means or instrumentality, in connection with the purchase or sale of any security … to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person." (Compl. ¶ 37 and Ex. D at 2.) Gebhardt alleges that Beri's continuing willful breach of the Guaranty constitutes "conduct similar to that which is expressly prohibited by the SEC [Judgment]." (*Id.* ¶ 38.)

This Court finds Gebhardt has failed to allege a plausible claim under the NJCFA because neither of the alleged unlawful acts fall within the purview of the statute. N.J.S.A. 56:8-2. As to Beri's alleged misrepresentations in connection with his purchase of Gebhardt's

business, the Complaint fails to plead facts demonstrating that Beri engaged in an unconscionable commercial practice or fraud "in connection with the sale or advertisement of any merchandise or real estate," as required to constitute conduct actionable under the statute. *See* N.J.S.A. 56:8-2. The NJCFA is a consumer protection statute designed to safeguard the public in commercial transactions. *All the Way Towing, LLC v. Bucks County Int'l, Inc.*, 236 N.J. 431, 442 (2019). Although a business-to-business transaction is not necessarily excluded from the statute's reach, that transaction must, as relevant here, apply to a sale of merchandise offered to the public. *Id.* at 443-44. While the statutory definition of merchandise is broad, including "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale," *see* N.J.S.A. 56:8-1(c), it is ultimately the nature of the transaction that will determine whether the NJCFA applies to a sale between two business entities. *Id.* at 447-48 (listing factors informing this question). A business, even though available to the public at large, is not a consumer good or service, and thus a transaction involving its sale is not covered by the NJCFA. *J & R Ice Cream Corp. v. CA Smoothie Licensing Corp.*, 31 F.3d 1259, 1274 (3d Cir. 1994). The Third Circuit has so held, reasoning businesses "never are purchased for consumption. Instead, they are purchased for the present value of the cash flows they are expected to produce in the future …." *Id.*

Here, according to the Complaint, the transaction consisted of the sale of a business resulting from arms-length negotiation between parties concerning the terms of the sale, including the purchase price, payment structure, and financing. The sale was effected by contract, facilitated by the seller's loan to the buyer, and further supported by the personal guaranty of the buyer's principal. Simply put, the NJCFA does not cover the transaction at issue.

In opposition to the motion, Gebhardt argues that whether the NJCFA applies in a commercial transaction involving business entities is a fact-sensitive question, but this argument fails to address the Complaint's absence of factual allegations that could plausibly demonstrate that the transaction around which his claim revolves falls within the ambit of the statute. He also argues that certain business have been recognized as "merchandise" offered for sale to the public, citing the Superior Court of New Jersey's decision in *Kavky v. Herbalife Int'l of Am.*, 359 N.J. Super. 497 (App. Div. 2003). However, Gebhardt's reliance on *Kavky* is misplaced. There, the Appellate Division interpreted the NJCFA to include certain franchises not otherwise regulated by the New Jersey Franchise Practices Act as services and commodities offered for sale to the public. *Id.* at 508. As noted by another court in this district, *Kavky* carved a narrow exception to the general rule that franchises are not covered by the NJCFA, based on the fact that the defendant there had engaged in mass marketing to the public. *See Wingate Inns Int'l, Inc. v. Swindall*, No. 12-248, 2012 WL 5252247, at *4 (D.N.J. Oct. 23, 2012). In this action, nothing in the factual allegations of the Complaint or the documents specifically referenced and/or attached thereto demonstrate or suggest the online wine business sold by Gebhardt to Australian Boutique was a mass-marketed franchise. Moreover, even if those facts were alleged, Third Circuit precedent has rejected the applicability of the NJCFA to the sale of franchise businesses. *See J & R Ice Cream Corp.*, 31 F.3d at 1274. Thus, even under a broad interpretation of the NJCFA, the

Complaint fails to allege facts showing Gebhardt is entitled to relief under the statute for Beri's alleged misrepresentations in connection with the sale.[4]

As to the alleged violation of the SEC Judgment, the Complaint makes no plausible connection between that securities fraud civil enforcement action and the sale transaction at issue in this lawsuit. The SEC Judgment prohibits Beri from engaging in fraud "in connection with the purchase or sale of any security." (Compl., Ex. D. at 2.) Gebhardt fails to allege how that injunction pertains to Beri's conduct concerning the sale of the online wine business or how the purported violation of the SEC Judgment, even assuming one had occurred, creates a predicate for a plausible NJCFA claim by Gebhardt. Insofar as the NJCFA claim is based on this alleged misconduct, it is conclusory and falls far short of Rule 9's heightened pleading requirements.

   2.   Breach of Contract – Promissory Note (Count Two)

Beri moves to dismiss Count Two's breach of contract claim because he is not a party to the Note. Gebhardt concedes that Beri did not enter into that agreement in his personal capacity, acknowledging Beri signed the Note on behalf of Australian Boutique. Instead, Gebhardt argues this breach of contract claim survives the motion to dismiss because Beri is bound by the terms of the Note through his personal assent to the Guaranty. That argument is unavailing.

Gebhardt erroneously focuses on Beri's obligations under the Guaranty, an agreement which, unlike the Note, Beri *did* execute in his personal capacity. Gebhardt correctly points out

---

[4] Rather, the allegation that "Beri's false promise to Plaintiff induced Plaintiff to sell him his business" (Compl. ¶ 33) essentially amounts to a claim that Gebhardt entered into the Purchase Agreement with Australian Boutique based on, in part, Beri's allegedly fraudulent statements concerning his personal responsibility for payment. Whether Gebhardt can plead a common law fraud or fraudulent inducement claim consistent with Rule 9 is not before the Court on this Complaint or motion. However, it remains clear that the Complaint's allegations concerning Beri's alleged fraud in connection with the contractual business transfer at issue is not the type of misconduct covered by the NJCFA.

that the Guaranty incorporates all terms and obligations under the Note. Indeed, Count Three of the Complaint asserts a breach of contract claim against Beri based on his failure to perform under the Guaranty, and Beri has not moved to dismiss that claim. However, insofar as the Complaint asserts breach of contract under the Note, it fails to plead an essential element of the claim: "that the parties entered into a contract containing certain terms." *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016) (quotation omitted). Concerning the Note, the Complaint fails to plead a plausible breach of contract claim against Beri because he is not a party who entered into that contract.

###### 3.  Unjust Enrichment (Count Four)

Under New Jersey law, a plaintiff may seek relief under the equitable theory of unjust enrichment when "the opposing party received a benefit and [the] retention of that benefit without payment would be unjust." *Thieme v. Aucoin-Thieme*, 227 N.J. 269, 288 (2016). This quasi-contractual doctrine requires a plaintiff to demonstrate "it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.* (quotations omitted). However, "[w]here there is an express contract covering the identical subject matter of the claim, plaintiff cannot pursue a quasi-contractual claim for unjust enrichment." *St. Matthew's Baptist Church v. Wachovia Bank Nat'l Ass'n*, No. 04-4540, 2005 WL 1199045, at *7 (D.N.J. May 18, 2005); *see also Kuzian v. Electrolux Home Prods., Inc.*, 937 F. Supp. 2d 599, 618 (D.N.J. 2013) (holding a plaintiff may not seek relief under theory of unjust enrichment where the claim "simply duplicates, or replaces, a conventional contract or tort claim").

Beri moves to dismiss the unjust enrichment claim because it based on the same alleged conduct as the breach of contract claim, seeking unpaid amounts owed under the Note and Guaranty. Beri is correct. The Complaint pleads for relief under an unjust enrichment theory on the grounds that "Defendants have refused to pay Plaintiff $1.4 million to purchase his business pursuant to the parties' express written agreements." (Compl. ¶ 49.) Plaintiff alleges Beri and Australian Boutique have been "unjustly enriched at Plaintiff's expense" by failing to pay "what [they] owe him under the Promissory Note and Personal Guaranty." (*Id.* ¶ 51.) Gebhardt's unjust enrichment claim is duplicative of his breach of contract claim against Beri and therefore fails to state a claim upon which relief may be granted. *Kuzian*, 937 F. Supp. 2d at 618; *see also Ohm Sys., Inc. v. Senergen Solutions, LLC*, No. 23-1340, 2023 WL 8437279, at *2-3 (D.N.J. Dec. 5, 2023) (dismissing unjust enrichment claim pursuant to Rule 12(b)(6) because it was based on the defendants' alleged failure to pay under the parties' agreement, the same conduct giving rise to the breach of contract claim).

Although Gebhardt argues it is premature to dismiss the claim because the Federal Rules allow pleading under alternative theories of relief, *see* Fed. R. Civ. P. 8(d)(2), a plaintiff may plead both a breach of contract claim and unjust enrichment claim in the alternative only "where there is a bona fide dispute whether a relevant contract exists or covers the dispute at issue." *Kuzian*, 937 F. Supp. 2d at 618; *see also Ohm Sys., Inc.*, 2023 WL 8437279, at *3 (rejecting argument that unjust enrichment claim could be pled in the alternative, noting courts in this district have "dismissed unjust enrichment claims when there was a duplicative breach of contract claim and the governing agreement was not disputed."). The Complaint in this action fails to allege any fact indicating that the validity of either the Note or the Guaranty is in dispute,

or that Gebhardt's unjust enrichment claim is based on some conduct or promise not covered by those agreements. Thus, Gebhardt's alternative pleading argument is insufficient to avoid dismissal of his unjust enrichment claim.

## III. CONCLUSION

For the foregoing reasons, this Court finds that Gebhardt has met his burden of demonstrating this Court has personal jurisdiction over Beri. It further finds that the Complaint's claim for violation of the NJCFA, breach of contract based on the Note, and unjust enrichment fail to state a plausible claim upon which relief may be granted. Accordingly, this Court respectfully recommends that the motion to dismiss the action pursuant to Rule 12(b)(2) be **DENIED** and the motion to dismiss Counts One, Two, and Four against Beri pursuant to Rule 12(b)(6) be **GRANTED**.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated:  June 14, 2024