<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD E. GEBHARDT, JR., | Civil Action No. 23-3008 (JKS) (AME) |
| Plaintiff, | **OPINION** |
| v. | |
| AMIT RAJ BERI, et al., | July 2, 2024 |
| Defendants. | |

**SEMPER**, District Judge.

This matter comes before the Court on Defendant Amit Raj Beri's ("Beri") motion to dismiss (ECF 6, "Motion") Plaintiff Ronald E. Gebhardt, Jr.'s ("Gebhardt") Complaint (ECF 1, "Compl."), Magistrate Judge André M. Espinosa's Report and Recommendation (ECF 12, "R&R"), issued on June 14, 2024, and Gebhardt and Beri's objections to Judge Espinosa's Report and Recommendation. (ECF 16; ECF 17.) The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court adopts Judge Espinosa's June 14, 2024 Report and Recommendation (ECF 12) and thus grants in part and denies in part Beri's motion to dismiss (ECF 6).

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A detailed factual background of this case is set forth in Magistrate Judge Espinosa's June 14, 2024 Report and Recommendation, and will only be repeated here where necessary to provide context for this Court's review.

This action for alleged breach of contract and fraud arises out of the sale of an online wine business by Plaintiff Gebhardt, a resident of New Jersey, to Defendant Australian Boutique LLC,

1

a foreign business located in Australia. Gebhardt negotiated with Australian Boutique through Beri, its then managing member. They set forth a purchase price of $1.4 million in the Membership Interest Purchase Agreement ("Purchase Agreement"). In connection with this sale, Australian Boutique paid Gebhardt $800,000 upon transfer of Gebhardt's shares in the business and Gebhardt, as lender, issued a Promissory Note to Australian Boutique, as borrower, for $600,000 (the "Note"). Beri executed the Note in his capacity as managing member of Australian Boutique. (*See* ECF 1, Compl. Ex. A at 1.) Beri also executed a Guaranty in his personal capacity, agreeing to "absolutely and unconditionally guarant[ee] to [Gebhardt] the prompt and unconditional payment of the Debt" documented in the Note. (ECF 1, Compl. Ex. B at 1.)

Beri filed a motion to dismiss for lack of personal jurisdiction, asserting that he has no contacts with New Jersey concerning the sale and loan transactions giving rise to this suit. He also sought dismissal under Rule 12(b)(6) for failure to state a claim of various counts. On June 14, 2024, Judge Espinosa filed a detailed Report and Recommendation in which he found that Beri is subject to personal jurisdiction in New Jersey, and that the Complaint failed to state a claim under the New Jersey Consumer Fraud Act ("NJCFA"), failed to plead a plausible breach of contract claim under the Note, and failed to plead a plausible unjust enrichment claim. Defendant timely objected to the Report and Recommendation, making substantially the same arguments that Judge Espinosa rejected when evaluating the motion to dismiss regarding personal jurisdiction. (*See* ECF 16.) Plaintiff also timely objected to the Report and Recommendation, specifically arguing that Count Two alleging breach of contract and Count Four alleging unjust enrichment should not be dismissed. (ECF 17.)

## II. LEGAL DISCUSSION

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the [magistrate judge]. The judge may also receive further evidence or recommit the matter to the [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *See, e.g., United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a *de novo* review of the parts of the report to which the parties object). In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion").

As an initial matter, this Court has reviewed the Report and Recommendation *de novo* and agrees in all respects with Judge Espinosa's reasoning. The Court will briefly address the parties' specific objections.

Defendant objects to Judge Espinosa's recommendation finding personal jurisdiction over Beri, arguing that the Report improperly relied on *Infinity Staffing Sols, LLC v. Greenlee*. No. 18-12626, 2019 WL 1233554, at *5-6 (D.N.J. Mar. 18, 2019). Defendant argues that *Greenlee* is distinguishable because there is no allegation that Defendant Beri was a member of an LLC, but rather a "managing principal." (ECF 16 at 6.) Defendant also notes that there was no alter ego claim alleged. (*Id.*) Judge Espinosa cites to *Greenlee* in rejecting Beri's argument that the Note's forum selection clause does not apply to him personally. (ECF 12, R&R at 9.) This Court agrees with Judge Espinosa's assessment. There is personal jurisdiction over Beri and Judge Espinosa's reliance on *Greenlee* merely reflects the case law in this district whereby a forum selection clause binds individuals signing on behalf of a corporate entity who receive a personal benefit from the agreement. *See Greenlee*, 2019 WL 1233554, at *5-6. Whether Defendant was alleged to be a sole member or whether there was an alter ego claim is not relevant to *Greenlee*'s applicability to this case nor to the determination of this Court's personal jurisdiction over Beri. As such, the Court adopts Judge Espinosa's analysis regarding personal jurisdiction.

Plaintiff objects to Judge Espinosa's recommendation to dismiss Count Three for breach of contract under the Note. Judge Espinosa determined that the Complaint failed to plead an essential element of the claim: that the parties entered a contract containing certain terms. (ECF 12, R&R at 18-19.) This Court adopts Judge Espinosa's recommendation. Plaintiff cites to allegations in the Complaint alleging that Defendant Beri agreed to the prompt payment of the Note under the Guaranty. (ECF 1, Compl. ¶¶ 20-21.) However, Judge Espinosa emphasized that

the Complaint fails to plead a plausible breach of contract claim with respect to the Note because Beri is not a party who entered that contract. Plaintiff concedes that Beri signed the Note on behalf of Australian Boutique. (*Id.* ¶ 11.) As such, the Complaint fails to allege that Beri is a party to the Note, an essential element of a breach of contract claim.[1]

Plaintiff also objects to the recommendation of dismissal of the unjust enrichment claim. (ECF 17 at 5-7.) Plaintiff argues that it is premature to dismiss the unjust enrichment claim, noting that a dispute of the validity or enforcement of the contract is "likely." (*Id.* at 6-7.) However, because Plaintiff's unjust enrichment claim arises from the same conduct as the breach of contract claim, this Court adopts Judge Espinosa's recommendation. *See Ohm Systems, Inc. v. Senergene Solutions LLC*, 2023 WL 8437279, at *3 (D.N.J. Dec. 5, 2023); (ECF 1, Compl. ¶¶ 48-51 "By failing to pay Plaintiff what Defendants owe him under the Promissory Note and Personal Guaranty, Defendants have been unjustly enriched ant Plaintiff's expense.") Accordingly, Plaintiff and Defendant's objections are overruled.

### III. CONCLUSION

For the reasons stated above, the Court hereby adopts Magistrate Judge Espinosa's Report and Recommendation (ECF 12) and thus grants-in-part and denies-in-part Defendant's motion to dismiss (ECF 6). An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:      Clerk
cc:        André M. Espinosa, U.S.M.J.
           Parties

---

[1] Of note, the breach of contract claim against Beri on the basis of the Guaranty survives.